UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB A. MADSON,

        Plaintiff,

        v.                                  Case No. 25-cv-2035-bhl

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

        Defendant.

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

        On December 23, 2025, Plaintiff Jacob A. Madson filed a complaint seeking review of a decision of the Commissioner for Social Security. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

        In his motion, Madson states he has no monthly income and owes his parents "a few years['] worth of rent" that he is unable to pay. (ECF No. 2 at 2.) Madson also states he has no cash, checking or similar account. (*Id.* at 3.) Madson acknowledges that he owns a 2004 Buick Park Avenue valued at $500.00, a home valued at $18,000, and co-owns a small house in Iron River, Michigan, purchased in 2020 for $14,000. (*Id.* at 3–4.) Based on Madson's representations, which include a signed declaration under penalty of perjury, the Court concludes that he would have substantial financial difficulty in paying the filing fee based on his current income, expenses, and liquid assets.

        This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which

relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Madson timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g). (ECF No. 1 at 1.) He argues that the administrative law judge decision denying his claim for social security disability benefits is not supported by substantial evidence and is contrary to law. (*Id.* at 1–2.) These arguments are not obviously frivolous and appear to state a potential claim. As a result, the Court will grant Madson's request to waive prepayment of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Madson's motion for leave to proceed without prepaying the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on December 29, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
